[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this matter tried to a fact finder, the plaintiff has objected to the Finding of Fact.
The plaintiff Walter Harris, former father-in-law of the defendant Cheryl Harris, claims that he and his wife Virginia Harris loaned $20,000 to their son Donald Harris and to Cheryl Harris to help them buy a house. The plaintiffs are suing Cheryl Harris, who is no longer married to their son, for repayment of CT Page 21 the loan. The defendant denies that the money was a loan and claims that the $20,000 was a gift.
The case was tried to a fact finder who found that the money was a gift. The defendant, pursuant to Practice. Book § 23-57
has filed an objection to the acceptance of the report. The defendant raises the objection that 1) the fact finder has no jurisdiction given the amount in controversy, 2) the fact finder erred in receiving a document purporting to be a "gift letter" into evidence, and 3) the fact finder disregarded the weight of the evidence in finding that the money was a gift.
Conn. Gen. Stat. § 52-549n and Conn. Practice Book §23-53 permit the court to refer to an attorney fact finder matters based on an express or implied promise to pay a definite sum, provided the amount in controversy is less than $50,000. This case is just such a matter. Moreover, after it appeared on the list of cases assigned for fact finding, the plaintiff filed no written objection to the assignment. The referral to a fact finder was proper.
During the presentation of evidence, the defendant proffered a copy of a document signed by the plaintiff purporting to be a "gift letter," the original of the which had been supplied to the mortgage lender. The plaintiff testified that the signature appeared to be his. It was admitted as evidence.
The plaintiff claims that the fact finder should not have permitted this document to be received as evidence, presumably because it was hearsay. But § 803(1)(A) of the Connecticut Evidence Code, codifying previous case law, makes clear that a party's own statement is an exception to the hearsay rule. Furthermore, § 901(a) provides that as long as there is evidence "sufficient to support a finding that the offered evidence is what its proponent claims it to be," the authenticity requirement is satisfied. Here, the plaintiff admitted that the document looked like it contained his signature, and the contents of the document contained his statement. The fact finder's ruling on this issue was correct.
Finally the plaintiff launches a scattershot attack on the finding, arguing that the weight of the evidence supports the plaintiffs version of the facts. True enough, some evidence supports the plaintiffs claims. Some months after the money was transferred, a promissory note was drawn up bearing a signature CT Page 22 of one Cheryl Harris. Also at some point the notation "LOAN" was made on a check for $10,000 (not $20,000) that had been given to Cheryl Harris. But there was also some evidence that the money was a gift, such as the fact that the plaintiff represented to the mortgage lender that such was the case; no note was signed by the defendant contemporaneous with the delivery of funds to her; there was no direct evidence that the signature on the note was in fact hers; and no attempt was made to demand any money from her until after her marriage to the plaintiff's son ended.
In weighing the evidence the trier of fact has discretion to assess the credibility of each piece of evidence. The plaintiff has the burden of proving that the plaintiffs version is more likely true than not true. The fact finder's assessment was that the plaintiffs had not carried their burden.
Pursuant to Conn. Practice Book § 23-58(a)(1), the court overrules the objection of the plaintiff and enters judgment for the defendant in accordance with the finding of facts.
Patty Jenkins Pittman, Judge